UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

MARIBEL PERALTA BONIFACIO,

                              Plaintiff,

                                        MEMORANDUM DECISION
      -v-                                  AND ORDER

                                        20 Civ. 972 (GBD) (OTW)

KILOLO KIJAKAZI
COMMISSIONER OF SOCIAL SECURITY[1],

------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

      Plaintiff Maribel Peralta Bonifacio brings this action against Defendant, Commissioner of Social Security under the Social Security Act, 42 U.S.C. § 405(g), seeking review of an administrative law judge's ("ALJ") decision denying Plaintiff disability benefits and supplemental security income. (Compl., ECF No. 1.) In a Joint Stipulation, both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 17.)

      Before this Court is Magistrate Judge Ona T. Wang's September 9, 2021 Report and Recommendation (the "Report"), recommending that Plaintiff's motion be denied and Defendant's cross-motion be granted.[2] (Report, ECF No. 18, at 16.) Magistrate Judge Wang advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 16.) No objections were filed. Having reviewed the Report for clear

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is substituted for former Commissioner Andrew Saul as the named defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

1

error, this Court adopts the Report in full. Defendant's motion for judgment on the pleadings is GRANTED. Plaintiff's motion is DENIED.

## I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

A motion for judgment on the pleadings should be granted if the pleadings make clear that the moving party is entitled to judgment as a matter of law. However, the Court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner and whether the correct legal standards were applied. Substantial evidence is more than a mere scintilla. *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004). It requires the existence of "relevant evidence as a reasonable mind might accept as adequate to support a conclusion," even if there exists contrary evidence. *Id.* (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). This is a "very deferential standard of review." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). The Court may not determine *de novo* whether Plaintiff is disabled but must accept the ALJ's findings unless "a reasonable factfinder would have to conclude otherwise." *Id.*

## II. THE COMMISSIONER'S DENIAL OF DISABILITY INSURANCE BENEFITS AND SUPPLEMENTAL SECURITY INCOME IS SUPPORTED BY SUBSTANTIAL EVIDENCE

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR § 404.1567(b) and § 416.967(b)."[3] (Report at 9.) Plaintiff contends that the ALJ (1) improperly determined her RFC, and (2) improperly evaluated her subjective allegations. (*Id.* at 8.) Magistrate Judge Wang correctly concluded that, to the contrary, the ALJ's determination was supported by substantial evidence. (*Id.*)

The medical evidence from Plaintiff's physicians (one of whom had treated Plaintiff since 2013), medical imaging, and the opinion of a consultative examiner support the ALJ's conclusion that Plaintiff could perform light work. (*Id.* at 9-13.) Plaintiff's medical evaluations showed that her conditions were improving with treatment over time and no physician made any objective finding that Plaintiff was restricted in her ability to sit, stand, climb or push, pull or carry heavy objects. (*Id.*) There were no obvious inconsistencies with the medical records warranting the ALJ to further develop the record. (*Id.* at 14.) Further, the ALJ considered Plaintiff's subjective complaints about her physical and mental condition. (*Id.* at 15.) There was substantial evidence from Plaintiff's daily living and medical records, *inter alia*, to indicate that those complaints were inconsistent with the record. (*Id.*) Thus, Magistrate Judge Wang's findings regarding the ALJ's

---

[3] 20 CFR § 404.1567(b): Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. *See also* 20 CFR § 416.967(b) (same).

conclusions were well-reasoned and grounded in fact and law. This Court has reviewed the Report, and finds no error, clear or otherwise. Accordingly, Magistrate Judge Wang's Report is ADOPTED in full.

### III.   CONCLUSION

Plaintiff's motion for judgment on the pleadings, (ECF No. 17), is DENIED. Defendant's cross-motion for judgment on the pleadings, (ECF No. 17), is GRANTED.

Dated: New York, New York
September 27, 2021

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge